[Cite as *State v. Gault*, 2018-Ohio-1682.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 8-17-31

    v.

CHRISTOPHER GAULT,             O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR17-06-0187

**Judgment Affirmed**

Date of Decision: April 30, 2018

APPEARANCES:

    *Eric J. Allen* for Appellant

    *Eric C. Stewart* for Appellee

**SHAW, J.**

**{¶1}** Defendant-appellant, Christopher Gault ("Gault"), appeals the September 12, 2017, judgment of the Logan County Common Pleas Court sentencing him to serve a 6-year prison term after he pled no contest to, and was found guilty of, Aggravated Vehicular Assault in violation of R.C. 2903.08(A)(1)(a)/(B)(1)(a), a felony of the second degree, and OVI in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree. On appeal, Gault argues that the record did not support his sentence.

*Relevant Facts and Procedural History*

**{¶2}** On June 10, 2017, at approximately 11:25 p.m., Gault was entering US 33 from County Road 270 in Logan County when he drove into the path of an oncoming motorcycle. The motorcycle operator hit the side of Gault's vehicle and suffered serious injuries, including, *inter alia*, a broken vertebra. Deputies that responded to the scene met with Gault and found him to have very bloodshot, glassy eyes and his speech was very slurred. Gault admitted to drinking alcohol and he did poorly on field sobriety tests. Witnesses at the scene indicated that Gault had pulled into the path of the motorcycle.

**{¶3}** On June 14, 2017, Gault was indicted for Driving Under Suspension in violation of R.C. 4510.11, a first degree misdemeanor, Failure to Yield in violation of R.C. 4511.43, a minor misdemeanor, OVI in violation of R.C. 4511.19(A)(1)(a),

a first degree misdemeanor, and Aggravated Vehicular Assault in violation of R.C. 2903.08(A)(1)(a)/(B)(1)(a), a felony of the second degree. Gault originally pled not guilty to the charges.

{¶4} On August 10, 2017, Gault entered into a written, negotiated plea agreement wherein he agreed to plead no contest to Aggravated Vehicular Assault and OVI as indicted, and in exchange the State agreed to dismiss the remaining charges against Gault. The parties also agreed to jointly recommend a mandatory 4-year prison term.

{¶5} The trial court engaged in a Criminal Rule 11 colloquy with Gault, determining that his plea was knowing, voluntary, and intelligent. As part of the colloquy, the trial court ensured that Gault understood that the court was not bound by the parties' sentencing recommendation. Afterward, the trial court had the State recite a factual basis for the crimes, found Gault guilty of Aggravated Vehicular Assault and OVI as charged, and set sentencing for a later date.

{¶6} On September 12, 2017, Gault's case proceeded to sentencing. The State and Gault's attorney reiterated their recommended prison term. Then, the trial court recited portions of Gault's criminal history, including multiple felony convictions, some of which dealt with drugs and alcohol.

{¶7} The trial court indicated that due to the nature of the crime, the serious injuries to the victim, and Gault's criminal history, it would not impose the

recommended prison term. Gault was sentenced to serve a 6-year prison term on the Aggravated Vehicular Assault charge and a 30-day jail term for the OVI, consecutive to each other, with credit for time served. A judgment entry memorializing Gault's sentence was filed that same day. It is from this judgment that Gault appeals, asserting the following assignment of error for our review.

**Assignment of Error No. 1**
**The record in this matter does not support the imposition of consecutive sentences pursuant to state law R.C. 2929.14.**

{¶8} In the statement of the assignment of error, Gault argues that the record does not support the imposition of consecutive sentences. However, in the body of the argument, Gault seems to be indicating that the trial court's imposition of a 6-year prison term was not supported by the record. The body of his argument contains no actual claims with regard to consecutive sentences. He appears to be more concerned with the trial court's deviation from the joint sentencing recommendation of the parties.

*Analysis*

{¶9} To the extent that Gault argues that the record does not support consecutive sentences here, R.C. 2929.41(B)(3) permits a jail or prison term for a misdemeanor violation of R.C. 4511.19 to be served consecutively to a prison term for a violation of R.C. 2903.08 when specified by the trial court. Revised Code 2929.41(B)(3) reads, "A jail term or sentence of imprisonment imposed for a

misdemeanor violation of * * * 4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of * * * 2903.08 * * * when the trial court specifies that it is to be served consecutively. The trial court specified as much here. *See also State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615 ("A trial court may impose cumulative sentences for aggravated vehicular assault * * *operating a motor vehicle while under the influence of alcohol * * *[.]").

{¶10} As for the body of Gault's argument, which seems to relate to the trial court's decision to deviate from the jointly recommended sentence, a trial court is not bound by an agreed recommended sentence by the State and a defendant. *State v. Woodrey*, 12th Dist. Claremont No. CA2010-01-008, 2010-Ohio-4079, ¶ 10. This was made clear to Gault at the change-of-plea hearing and he indicated that he understood.

{¶11} With this principle in mind, the only remaining questions before us are whether Gault's sentence was unsupported by the record or whether it was clearly and convincingly contrary to law pursuant to R.C. 2953.08(G). It is not disputed that the sentences ordered fall within the permissible statutory range, therefore they are not contrary to law.

{¶12} As to whether Gault's prison sentence was supported by the record, at the sentencing hearing, the trial court identified a number of factors supporting its

deviation from the jointly recommended sentence. The trial court cited Gault's criminal history, which included multiple prior felony convictions and a prior OVI. The trial court noted that Gault's ORAS score placed him in the level of a high likelihood to reoffend. In addition, the trial court noted the serious, "life-altering" physical harm that was caused to the victim by Gault's callous action. The victim had multiple broken bones, bruises, and had to be in a "halo" device to stabilize his head for an extended period of time. The victim also had a significant ongoing recovery period.

{¶13} The trial court indicated that it had considered all of the requisite statutes and the principles and purposes of sentencing when it deviated from the jointly recommended prison term. While Gault may argue that his prior felony offenses were long ago and that he had shown remorse for his accident, we cannot find that, based on the record before us, the trial court's sentence was clearly and convincingly contrary to law. Therefore, Gault's assignment of error is overruled.

*Conclusion*

{¶14} For the foregoing reasons Gault's assignment of error is overruled and the judgment of the Logan County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and PRESTON, J.J., concur.**

**/jlr**