[Cite as *State v. Criswell*, 2024-Ohio-1628.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,

  v.

KEVIN T. CRISWELL, JR.,

     DEFENDANT-APPELLANT.

CASE NO. 9-23-72

**O P I N I O N**

Appeal from Marion County Common Pleas Court
Trial Court No. 2022 CR 0412

**Judgment Affirmed**

**Date of Decision:  April 29, 2024**

**APPEARANCES:**

    *Todd A. Anderson* **for Appellant**

    *Raymond A. Grogan, Jr.* **for Appellee**

**WALDICK, J.**

{¶1} Defendant-appellant, Kevin Criswell ("Criswell"), brings this appeal from the October 2, 2023, judgment of the Marion County Common Pleas Court. Criswell argues that the trial court erred by imposing a twelve-month prison sentence for his Vehicular Assault conviction and that the trial court erred for imposing consecutive sentences in this matter. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} On May 6, 2022, Criswell was operating his vehicle with a BAC of .183 when he drove through a stop sign and struck another vehicle being driven by a minor. The victim's vehicle was disabled and the victim had to be extricated and transported to the hospital.

{¶3} As a result of his actions, Criswell was indicted for Aggravated Vehicular Assault in violation of R.C. 2903.08(A)(1)(a), a third degree felony (Count 1); Vehicular Assault in violation of R.C. 2903.08(A)(2), a fourth degree felony (Count 2); and OVI in violation of R.C. 4511.19(A)(1)(f), a first degree misdemeanor (Count 3). Criswell originally pled not guilty to the charges.

Case No. 9-23-72

**{¶4}** On July 13, 2023, Criswell entered into a negotiated plea agreement wherein he agreed to plead guilty to Vehicular Assault and OVI as charged in Counts 2 and 3 of the indictment. In exchange, the State agreed, *inter alia*, to dismiss Count 1 of the indictment, the most serious charge.

**{¶5}** A sentencing hearing was held on September 24, 2023. After hearing the arguments of the parties, statements from the victim's family[1], and statements in support of Criswell, the trial court sentenced Criswell to serve twelve months in prison on the Vehicular Assault charge and ninety days of local incarceration on the OVI. Those sentences were ordered to be served consecutively.

**{¶6}** A judgment entry memorializing Criswell's sentence was filed October 2, 2023. It is from this judgment that Criswell appeals, asserting the following assignments of error for our review.

---

[1] At the sentencing hearing, the victim's mother stated the following:

> This event has forever changed our family, and has stolen any peace of mind we've had with our now adult children as they travel. [My son] does not feel the same way about driving as he used to. After you've been hit by a truck, you don't just recover from that mentally, and will not only deal with the physical aspects from that accident, but for the long-term psychological and emotional issues.
>
> * * *
>
> [My son's] body really did take a beating. At only 17 years old, a junior in high school, he experienced serious physical and psychological harm. The Honda Fit that he was driving was something that he was a proud owner of and loved that car. That car was completely destroyed in the accident and totaled.

(Tr. at 17-18).

**First Assignment of Error**

**The trial court erred and abused its discretion when it imposed consecutive sentences.**

**Second Assignment of Error**

**The trial court erred and abused its discretion when it imposed a 12-month prison sentence.**

{¶7} For ease of discussion, we elect to address the assignments of error out of the order in which they were raised.

*Second Assignment of Error*

{¶8} In his second assignment of error, Criswell argues that the trial court "abused its discretion" by imposing a twelve-month prison term for his Vehicular Assault conviction.

Standard of Review

{¶9} Revised Code 2953.08(G)(2) establishes the scope of appellate review for felony sentences. *State v. Passmore*, 3d Dist. Hancock No. 5-22-39, 2023-Ohio-3209, ¶ 64. Under R.C. 2953.08(G)(2), an appellate court may reverse or modify a sentence only if there is clear and convincing evidence (1) that the trial court's findings under R.C. 2929.13(B), R.C. 2929.13(D), R.C. 2929.14(B)(2)(e), R.C. 2929.14(C)(4) or R.C. 2929.20(I) are not supported by the record or (2) that the sentence is otherwise contrary to law. However, unlike the sentencing statutes explicitly listed in R.C. 2953.08(G)(2), the Supreme Court of Ohio has held

that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 31.

Analysis

**{¶10}** In this case Criswell was sentenced to a twelve-month prison term for his conviction of Vehicular Assault in violation of R.C. 2903.08(A)(2), a fourth degree felony. This twelve month prison term was within the appropriate statutory range for fourth degree felonies. R.C. 2929.14(A)(4).

**{¶11}** When the trial court ordered Criswell to serve a twelve month prison term, the trial court specifically indicated it considered the appropriate sentencing factors, including those in R.C. 2929.11 and R.C. 2929.12. In fact, the trial court discussed the factors in R.C. 2929.12 at some length on the record, disagreeing with some of defense counsel's mitigating arguments. The final judgment entry reflected that the trial court had considered R.C. 2929.11 and R.C. 2929.12.

**{¶12}** Criswell now contends that the trial court improperly weighed/considered/applied the sentencing factors in R.C. 2929.11 and R.C. 2929.12 in fashioning his sentence. However, even if we assumed, without finding, that the trial court improperly weighed the sentencing factors, under *Jones*, we have no authority to modify or vacate a sentence on this basis. *Jones* at ¶ 31; *State v.*

-5-

*Saunders*, 3d Dist. Logan No. 8-23-09, 2023-Ohio-4610, ¶ 11; *State v. Stennett*, 8th Dist. Cuyahoga No. 111424, 2022-Ohio-4645, ¶ 12.

**{¶13}** The record before us confirms that the trial court considered the overriding purposes of felony sentencing set forth in R.C. 2929.11 and the statutory factors relating to seriousness and recidivism set forth in R.C. 2929.12. Because the trial court considered the appropriate factors and the sentence imposed was within the statutory range of sentencing options, the sentence in this case was not contrary to law. Therefore, Criswell's second assignment of error is overruled.

### *First Assignment of Error*

**{¶14}** In his first assignment of error, Criswell argues that the trial court erred by imposing consecutive sentences in this matter. More specifically, Criswell argues that the trial court's findings to impose consecutive sentences under R.C. 2929.14(C)(4) were clearly and convincingly contrary to law.

### Analysis

**{¶15}** Pursuant to Revised Code 2929.14(C)(4), a trial court may order multiple *prison terms* to be served consecutively if certain specific findings are made. Here, Criswell was ordered to serve a *jail* term and a *prison* term consecutively, thus R.C. 2929.14(C)(4) is simply not implicated and the findings are not required to be made. *State v. Alexander*, 8th Dist. Cuyahoga No. 102708, 2016-Ohio-204, ¶ 7; *State v. Cunningham*, 5th Dist. No. 2022 CA 00008, 2022-

Ohio-3982, ¶ 60; *State v. Coffman*, 10th Dist. Franklin No. 18AP-997, 2019-Ohio-4145, ¶ 13; *see State v. Gault*, 3d Dist. Logan No. 8-17-31, 2018-Ohio-1682.

**{¶16}** Importantly, Revised Code 2929.41(B)(3) provides an exception to the general rule that misdemeanors must be served concurrently with felonies. *Coffman* at ¶ 13. Revised Code 2929.41(B)(3) provides, "[a] jail term or sentence of imprisonment imposed for a misdemeanor violation of * * * 4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of * * * 2903.08 * * * when the trial court specifies that it is to be served consecutively." Thus, R.C. 2929.41(B)(3) permits a jail or prison term for a misdemeanor violation of R.C. 4511.19 to be served consecutively to a prison term for a violation of R.C. 2903.06 when specified by the trial court. The trial court specified such a sentence here. Imposition of the sentence is all that was required of the trial court in order to impose consecutive sentences. *Id*. Because no further findings needed to be made, Criswell's assignment of error is overruled.

**{¶17}** Nevertheless, we note that the trial court did make findings at the sentencing hearing and in its final judgment entry as if it were imposing consecutive prison sentences pursuant to R.C. 2929.14(C)(4). Again, we emphasize that R.C. 2929.14(C)(4) was not implicated because consecutive prison terms were not imposed; however, since the trial court made the unnecessary findings, we will address Criswell's argument to the extent it has relevance to whether the sentence was clearly and convincingly contrary to law.

{¶18} Criswell takes issue with the fact that the trial court seemed to find that all subsections of R.C. 2929.14(C)(4) supported consecutive sentences in this case even though Criswell was not awaiting trial or under another sanction at the time the crimes in this case were committed (R.C. 2929.14(C)(4)(a)), and even though he had no criminal history (R.C. 2929.14(C)(4)(c)). At the sentencing hearing, the trial court did recite each subsection of R.C. 2929.14(C)(4); however, the trial court stated at the sentencing hearing that R.C. 2929.14(C)(4) "[s]ection B there is really the one the Court relies on here." This subsection cited by the trial court concerns multiple offenses, and a finding under this subsection to impose consecutive sentences would be supported by the record if R.C. 2929.14(C)(4) was implicated.

{¶19} Nevertheless, Criswell contends that the trial court's final judgment entry finds that all subsections of R.C. 2929.14(C)(4) were present even though the record does not support the findings. In its final entry, the trial court stated the following with regard to imposing consecutive sentences:

> It is further **ORDERED** the sentences imposed on the defendant shall be served consecutive to each other.
>
> In finding that the sentences shall be served **consecutively**, the Court finds, pursuant to R.C. 2929.14, that consecutive sentences are necessary to punish the Defendant or to protect the public from future crime, and that the sentences are not disproportionate to the seriousness of the Defendant's conduct and the danger posed by the Defendant. The Court further finds that one or more offenses were committed while the Defendant was awaiting trial, was on community control sanctions, or was on post-release control. The Court further finds that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or

more of the multiple offenses so committed was so great or unusual that no single prison term for either of the offenses committed as part of the course of conduct adequately reflects the seriousness of the Defendant's conduct. The Court further finds that the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.

**The Court further finds pursuant to R.C. 2929.41(B)(3) that the jail term or sentence of imprisonment imposed on the misdemeanor contained in Count 3 of section 4511.19 SHALL be served consecutively to the prison term imposed for the felony contained in Count 2 of section 2903.08 * * *[.]**

(Bold in original) (Doc. No. 94).

{¶20} It is true that the record does not support the trial court's superfluous and unnecessary findings that Criswell was awaiting trial or on sanctions at the time he committed these offenses, and that the record does not support that Criswell had any criminal history. Even accepting that the trial court should not have made these statements, the trial court's finding regarding multiple offenses was supported by the record. Courts have held that where the trial court made an erroneous finding pursuant to one of the subsections in R.C. 2929.14(C)(4), the error is harmless where another subsection supports the trial court's decision. *State v. Russell*, 11th Dist. Lake No. 2019-L-138, 2020-Ohio-3243, ¶ 15. Thus to any extent the trial court made improper findings, which were unnecessary and superfluous to begin with, they are harmless here.

{¶21} In sum, we find that the trial court did not need to make any findings under R.C. 2929.14(C)(4) to impose consecutive sentences in this case. To the

extent that the trial court did make any of the findings, and that they were improper, they are harmless. For these reasons, Criswell's first assignment of error is overruled.

### *Conclusion*

**{¶22}** Having found no error prejudicial to Criswell in the particulars assigned and argued, his assignments of error are overruled and the judgment of the Marion County Common Pleas Court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

/tmm