[This opinion has been published in *Ohio Official Reports* at 178 Ohio St.3d 1205.]

IN RE DISQUALIFICATION OF EDWARDS.

THE STATE OF OHIO *v.* CRISWELL

THE STATE OF OHIO *v.* OWENS

and

WILLIAMS *v.* HOPPER.

[Cite as *In re Disqualification of Edwards*, 2024-Ohio-6173.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Affidavit dismissed as to* State v. Criswell *because case was not pending when affidavit was filed— Disqualification denied as to* State v. Owens *and* Williams v. Hopper *because affiant failed to show that judge's conduct at county fair shows that judge is biased or prejudiced against him or that judge should be disqualified to avoid appearance of impropriety.*

(No. 24-AP-104—Decided August 16, 2024.)

ON AFFIDAVIT OF DISQUALIFICATION in Marion County Court of Common Pleas, General Division, Case Nos. 2022-CR-0412, 2023-CR-0484, and 2024-CV-0041.

_____

KENNEDY, C.J.

{¶ 1} Todd A. Anderson, counsel for parties in the three underlying cases, has filed an affidavit of disqualification pursuant to R.C. 2701.03 seeking to disqualify Judge Warren T. Edwards of the Marion County Court of Common Pleas, General Division, from presiding over the cases. Judge Edwards filed a response to the affidavit of disqualification.

{¶ 2} Because there were no proceedings pending before Judge Edwards in *State v. Criswell*, Marion C.P. No. 2022-CR-0412, when the affidavit of disqualification was filed, that part of the affidavit is dismissed. And as explained

below, Anderson has not otherwise established that the judge should be disqualified. Therefore, the remainder of the affidavit of disqualification is denied. *State v. Owens*, Marion C.P. No. 2023-CR-0484, and *Williams v. Hopper*, Marion C.P. No. 2024-CV-0041, shall proceed before Judge Edwards.

**Trial-Court Proceedings**

State v. Criswell*, Marion C.P. No. 2022-CR-0412*

**{¶ 3}** Kevin Criswell Jr. was charged in a three-count indictment on July 27, 2022, for various traffic offenses. Criswell had been operating a vehicle with a blood-alcohol content of .183 when he failed to stop at a stop sign, drove through the intersection, and struck another vehicle. *See State v. Criswell*, 2024-Ohio-1628, ¶ 2 (3d Dist.).

**{¶ 4}** On July 13, 2023, Criswell entered into a negotiated plea agreement in which the State agreed to drop the more serious count of aggravated vehicular assault in exchange for Criswell's pleading guilty to vehicular assault and operating a vehicle while under the influence of alcohol or drugs. On September 29, Criswell was sentenced to one year in prison on the vehicular-assault conviction and 90 days of local confinement for the conviction for operating a vehicle while under the influence, with the sentences to be served consecutively.

**{¶ 5}** The convictions and sentence were affirmed by the Third District Court of Appeals. *Id.* at ¶ 1.

**{¶ 6}** On May 8, 2024, Anderson filed a motion for judicial release on Criswell's behalf. A "tentative" hearing date was scheduled for August 16. However, on July 2, Judge Edwards journalized an entry denying the motion as moot. The judge based his decision on the fact that Criswell would be released before that hearing could be held because he had been granted good-time credit. On July 15, Anderson filed a motion to disqualify Judge Edwards, which the judge denied.

**{¶ 7}** According to the affidavit of disqualification, there is currently nothing pending before the judge in *State v. Criswell*, Marion C.P. No. 2022-CR-0412.

*State v. Owens, Marion C.P. No. 2023-CR-0484*

**{¶ 8}** There are few facts in the record about *State v. Owens*. Tommy Owens was indicted on November 8, 2023, and arraigned on January 22, 2024. Anderson entered a notice of appearance on January 29. It is not clear whether Anderson filed a motion for Judge Edwards to recuse himself in this case. However, Anderson avers that on February 23 in *State v. Veith*, Marion C.P. No. 2023-CR-0458, he moved to disqualify Judge Edwards from all cases in which Anderson represents a party. The judge denied Anderson's motion.

**{¶ 9}** In *State v. Owens*, Judge Edwards held four pretrial hearings and several motion hearings from March 19 through July 16. A pretrial conference was scheduled for July 26.

*Williams v. Hopper, Marion C.P. No. 2024-CV-0041*

**{¶ 10}** There are also few facts in the record about *Williams v. Hopper*. The complaint was filed on January 20, 2024, and the defendant filed an answer on February 9. The matter was referred to the court's magistrate.

**{¶ 11}** A telephonic pretrial conference scheduled for August 8 was canceled. A final pretrial is scheduled for November 1, and a trial is scheduled for December 3.

**{¶ 12}** On July 18, Anderson filed the affidavit of disqualification.

**Affidavits of Disqualification**

**{¶ 13}** Prior to addressing the allegations in the affidavit of disqualification, there are two preliminary issues: whether an affidavit of disqualification may be filed when the underlying case is closed and whether Anderson's affidavit of disqualification and the third-party affidavits filed in support of the affidavit of disqualification are fully admissible. The answer to both questions is no. The focus

of an affidavit of disqualification must be on a pending case, and portions of the affidavit of disqualification and one of the third-party affidavits do not meet the requirements for a valid affidavit.

*The Pending-Case Requirement*

{¶ 14} Article IV, Section 5(C) of the Ohio Constitution gives the chief justice authority to "pass upon the disqualification of any judge of the courts of appeals or courts of common pleas or division thereof." If a judge of a court of common pleas "allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a *proceeding pending before the court*," then that party or the party's counsel may file an affidavit of disqualification with the clerk of this court. (Emphasis added.) R.C. 2701.03(A).

{¶ 15} "Under the plain and unambiguous language of the statute, the chief justice's authority to order the disqualification of judges extends only to those matters in which a proceeding is pending before the court." *In re Disqualification of Ruehlman*, 2024-Ohio-1306, ¶ 17. "[T]he chief justice cannot rule on an affidavit of disqualification when . . . nothing is pending before the . . . court." *In re Disqualification of Hayes*, 2012-Ohio-6306, ¶ 6.

{¶ 16} Therefore, the chief justice has dismissed affidavits of disqualification in which the affiant attempts to remove a judge from a closed or inactive case. *See, e.g.*, *Ruehlman* at ¶ 18; *In re Disqualification of Thomakos*, 2020-Ohio-6874, ¶ 3.

{¶ 17} Both Anderson and Judge Edwards indicate that *State v. Criswell* is a closed case. Although Anderson asserts in the affidavit of disqualification that he plans to file a motion in *Criswell*, he has failed to establish that the case was pending at the time the affidavit of disqualification was filed. The affidavit of

4

disqualification is therefore dismissed as to *State v. Criswell*, Marion C.P. No. 2022-CR-0412.

{¶ 18} This decision now turns to the requirements for a valid affidavit under Ohio law.

*Requirements for a Valid Affidavit*

{¶ 19} This court has long held that "an affidavit must appear on its face to [be] . . . in compliance with all legal requisitions." *Benedict v. Peters*, 58 Ohio St. 527, 536 (1898). In Ohio, an affidavit is a "written declaration [made] under oath." R.C. 2319.02. As such, an affidavit is a form of written testimony. *See Wallick Properties Midwest, L.L.C. v. Jama*, 2021-Ohio-2830, ¶ 18 (10th Dist.). A party may present testimony to a court only if "evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Evid.R. 602. A witness is traditionally "'incompetent' to testify to any fact unless he or she possesses firsthand knowledge of that fact." Weissenberger, *Weissenberger's Ohio Evidence Treatise*, § 602.1 (2024); *see State v. Fears*, 1999-Ohio-111, ¶ 26 (holding that testimony not based on personal knowledge was inadmissible). "Therefore, 'statements contained in affidavits must be based on personal knowledge.'" *In re Disqualification of Beathard*, 2024-Ohio-3335, ¶ 23, quoting *Carkido v. Hasler*, 129 Ohio App.3d 539, 548, fn. 2 (7th Dist. 1998); *see* 2A C.J.S., Affidavits, § 46, at 285-287 (2023); *see, e.g.*, Civ.R. 56(E); S.Ct.Prac.R. 12.02(B)(2).

{¶ 20} "Personal knowledge" is "'[k]nowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said.'" *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 2002-Ohio-2220, ¶ 26, quoting *Black's Law Dictionary* (7th Rev.Ed. 1999). It follows that "'[o]ne who has no knowledge of a fact except what another has told him cannot, of course, satisfy the . . . requirement of knowledge from observation.'" *Dublin City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 1997-Ohio-327, ¶ 12, quoting 1 McCormick, *Evidence*, § 10, at 40 (4th Ed. 1992).

{¶ 21} Some of the averments supporting Anderson's allegations that Judge Edwards is biased or prejudiced against him or should be disqualified to avoid the appearance of impropriety are not based on Anderson's firsthand observation and experience. Therefore, those portions of the affidavit are stricken. This includes the first full paragraph on page 5, the first sentence in section 2 on page 5, the last sentence on page 6 continuing onto page 7 and the remaining sentences of that paragraph, the first full paragraph on page 7, the last three sentences of section 2 on page 7, and the entirety of section 3 beginning on page 7 and ending on page 9 with the exception of four sentences on page 8 beginning with the words "After Attorney Anderson confirmed his intent to oppose Judge Edwards" and ending with the words "However, Judge Edwards refused to disqualify himself."

{¶ 22} Similarly, some of the averments in the affidavit of Kevin Criswell Sr. are not based on his firsthand observation and experience. Therefore, those portions of the affidavit are stricken. This includes the first half of the second sentence in paragraph 13 beginning with the words "I assumed" and ending with the words "Judge signs," paragraph 14, and the ninth sentence in paragraph 17 beginning with the words "I believe" and ending with the words "this conversation."

{¶ 23} Having struck the improper portions of the affidavits, this decision next addresses the allegations in the affidavit of disqualification related to *State v. Owens* and *Williams v. Hopper*.

*Affidavit-of-Disqualification Proceedings*

{¶ 24} R.C. 2701.03(A) provides that if a judge of a court of common pleas "allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court," then that party or party's counsel may file an affidavit of disqualification with the clerk of this court.

{¶ 25} Anderson alleges that Judge Edwards is biased and prejudiced against him and that the judge should be disqualified from all cases in which Anderson is counsel of record. Even if no actual bias or prejudice is found to exist based on the facts of this case, Anderson alleges that, at a minimum, the judge should be disqualified to avoid the appearance of impropriety.

{¶ 26} Anderson is an attorney who regularly practices law in the Marion County Court of Common Pleas, General Division, and he is counsel of record in *State v. Owens* and *Williams v. Hopper*. Judge Edwards is the presiding judge in both cases.

{¶ 27} Anderson states that Judge Edwards is seeking re-election in 2024 and that he is the judge's opponent. During a pretrial conference in February, Anderson requested that the judge recuse himself from all of Anderson's pending cases. Judge Edwards denied the request.

{¶ 28} On July 6, Anderson and Judge Edwards were both at the Marion County Fair attending the livestock auction. Anderson's affidavit lacks clarity as to whether he was present and heard the conversation among Kevin Criswell Sr., Thomas Crawford, and Judge Edwards. Nevertheless, Anderson filed third-party affidavits from Criswell Sr. and Crawford in the affidavit-of-disqualification proceedings. Anderson also avers that the judge made statements to him during the livestock auction but that he could not hear what the judge was saying over the noise of the crowd.

{¶ 29} The affidavits of Criswell Sr. and Crawford state that Criswell Sr., a member of the Marion County Fair Board, placed two magnetic signs supporting Anderson for election as judge on one of the walls of the auction arena. Crawford, another member of the Fair Board, was standing nearby, and at the request of Criswell Sr., Crawford placed the signs higher on the wall.

{¶ 30} Shortly thereafter, Judge Edwards approached Crawford and asked him about the propriety of placing political signs on the wall of the auction arena

without prior authorization by the Fair Board. Criswell Sr. then inserted himself in the conversation, refused to remove the signs, and told the judge that if the Fair Board voted on whether the signs could be placed there, the judge would not like the outcome. According to the affidavits of both Criswell Sr. and Crawford, as Judge Edwards left the auction arena, the judge told Criswell Sr., "I'm keeping your son in jail."

**{¶ 31}** Anderson states that based on this behavior, Judge Edwards should be disqualified from Anderson's pending cases.

**{¶ 32}** In his response, Judge Edwards denies being biased or prejudiced against Anderson and states that there is no basis to issue a blanket disqualification.

**{¶ 33}** Judge Edwards admits that Anderson filed his petitions on December 9, 2023, to oppose him in the 2024 election and acknowledges that he denied Anderson's request for a blanket disqualification during a pretrial hearing. In denying the motion, Judge Edwards stated that he relied on information provided at a mandated seminar for judicial candidates. The judge cites *In re Disqualification of Burnside*, 74 Ohio St.3d 1240 (1992), which holds that it is unnecessary for a judge to recuse himself or herself simply because a lawyer who appears before the judge opposes the judge in an election. The holding in *Burnside* was based on an opinion issued by the Board of Professional Conduct, then known as the Board of Commissioners on Grievances and Discipline, stating that "'it is unnecessary for an incumbent judge to recuse himself from proceedings where his opponent represents one of the parties, unless the judge's impartiality might reasonably be questioned.'" *Id.* at 1241, quoting Board of Commissioners on Grievances and Discipline Opinion No. 87-023, at 1.

**{¶ 34}** The judge further admits speaking to Crawford on July 6. Judge Edwards states that he believed Crawford was the vice-president of the Fair Board and that he believed Crawford had the authority to address what were "unsponsored and unauthorized signs in a government building, endorsing a candidate for

election." Judge Edwards further contends that Criswell Sr. inserted himself into the discussion.

**{¶ 35}** The judge denies making the statement that he would keep Criswell Jr. in jail or any statement that indicated retaliation.

*Disqualification of a Common-Pleas-Court Judge*

**{¶ 36}** As explained above, R.C. 2701.03(A) provides two specific grounds and a catchall provision for the disqualification of a judge of a court of common pleas. Granting or denying an affidavit of disqualification turns on whether the chief justice determines that the allegations of interest, bias or prejudice, or disqualification set forth in the affidavit exist. R.C. 2701.03(E).

**{¶ 37}** The burden falls on the affiant to submit "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations." R.C. 2701.03(B)(1). Therefore, "[a]n affidavit must describe with specificity and particularity those facts alleged to support the claim." *In re Disqualification of Mitrovich*, 2003-Ohio-7358, ¶ 4.

**{¶ 38}** As set forth above, Anderson alleges that Judge Edwards should be disqualified because he is biased and prejudiced against Anderson and to avoid an appearance of impropriety.

**{¶ 39}** "R.C. 2701.03(A) speaks in terms of *actual* bias and prejudice . . . ." (Emphasis in original.) *In re Disqualification of Berhalter*, 2023-Ohio-4881, ¶ 29. The General Assembly did not define "bias or prejudice" for purposes of the statute. However, as defined in prior disqualification cases, "'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.'" *In re Disqualification of O'Neill*, 2002-Ohio-7479, ¶ 14, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469 (1956). "'Bias or prejudice on the part of a judge will not be presumed. In fact,

the law presumes that a judge is unbiased and unprejudiced in the matters over which he presides, and bias or prejudice must be strong enough to overcome the presumption of his integrity.'" *Id.* at ¶ 16, quoting 48A C.J.S., Judges, § 108, at 731 (1981). A determination of whether a judge is biased or prejudiced is based on the judge's words and/or actions and whether those words and/or actions convey that the judge is predisposed to a particular outcome of a case. *Berhalter* at ¶ 28.

{¶ 40} "A judge's subjective bias, however, is not easy to discern. The United States Supreme Court has recognized that '[t]o establish an enforceable and workable framework, the Court's precedents [also] apply an objective standard that, in the usual case, avoids having to determine whether actual bias is present.'" (Brackets added in *Clark*.) *In re Disqualification of Clark*, 2023-Ohio-4774, ¶ 47, quoting *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016). Under an objective standard, "[t]he question is '"whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case."'" *United States v. Melton*, 738 F.3d 903, 905 (8th Cir. 2013), quoting *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002), quoting *In re Kansas Pub. Emps. Retirement Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996). "'[T]hese outside observers are less inclined to credit judges' impartiality and mental discipline than the judiciary itself will be.'" *In re Nettles*, 394 F.3d 1001, 1002 (7th Cir. 2005), quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990).

{¶ 41} A judge "otherwise is disqualified" under R.C. 2701.03(A) when none of the express bases for disqualification—interest, relation to a party, bias, or prejudice—apply but other grounds for disqualification exist. *In re Disqualification of Navarre*, 2024-Ohio-3336, ¶ 21. "[E]ven in cases in which no evidence of actual bias or prejudice is apparent, a judge's disqualification may be appropriate to avoid an appearance of impropriety or when the public's confidence in the integrity of the judicial system is at issue." *In re Disqualification of Crawford*, 2017-Ohio-9428, ¶ 6. In addition, an ex parte communication between

a judge and a party may be a ground for disqualification when the communication "either was initiated by the judge or addressed substantive matters in the pending case." *In re Disqualification of Calabrese*, 2002-Ohio-7475, ¶ 2. Jud.Cond.R. 2.11 sets forth additional circumstances in which a judge must be disqualified, including when the matter in controversy involves the economic interests of the judge's family members, Jud.Cond.R. 2.11(A)(3), and when the judge likely will be a material witness in the proceeding, Jud.Cond.R. 2.11(A)(2)(d).

{¶ 42} These examples are not exhaustive, but they illustrate that a judge may still be disqualified under R.C. 2701.03(A) even when the express statutory grounds for disqualification are not applicable.

{¶ 43} A judge may be disqualified to avoid an appearance of impropriety. An appearance of impropriety exists when "'the [judge's] conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired.'" *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 888 (2009), quoting American Bar Association, Annotated Model Code of Judicial Conduct, Canon 2A, Commentary (2004); *see also id.* at 890 (noting that the codes of judicial conduct provide more protection than due process requires). Again, the perspective of the ordinary reasonable person is considered, and that person "is presumed to be fully informed of all the relevant facts in the record—not isolated facts divorced from their larger context." *In re Disqualification of Gall*, 2013-Ohio-1319, ¶ 6.

{¶ 44} For the reasons explained below, Anderson has not established that the disqualification of Judge Edwards from *State v. Owens* or *Williams v. Hopper* is warranted.

### Analysis

{¶ 45} Anderson relies on the same evidence to support both allegations— i.e., that Judge Edwards is biased or prejudiced against him and that he should be

disqualified to avoid the appearance of impropriety; therefore, the allegations will be addressed together.

{¶ 46} Judges are selected by the people of Ohio by popular election. Ohio Const., art. IV, § 6(A). There is no statute, provision in the Code of Judicial Conduct, or common-law precedent that requires a sitting judge to recuse himself or herself from a case or cases merely because a lawyer appearing before the judge has chosen to oppose the judge in an election. Rather, "the fact that an attorney or party voiced opposition to the election of a judge, standing alone, will not cause that judge to harbor bias sufficient to affect [his or] her ability to be impartial in presiding over cases in which that attorney or party subsequently appears." Flamm, *Judicial Disqualification*, § 24.2, at 398 (3d Ed. 2017). The determination whether a judge properly assigned to a case can preside fairly and impartially when there is a campaign for or against the judge "is best determined on a case-by-case basis." *In re Disqualification of Celebrezze*, 74 Ohio St.3d 1231, 1232 (1991).

{¶ 47} As explained above, the Board of Professional Conduct has determined that without more, an incumbent judge is not required to recuse himself or herself from a case merely because a lawyer is opposing the judge in an election. *See* Board of Commissioners on Grievances and Discipline Opinion No. 87-023. Chief Justice Moyer relied on the board's opinion in denying an affidavit of disqualification in *Burnside*, 74 Ohio St.3d 1240, in which an attorney had filed petitions to run against the judge, *id.* at 1240-1241. But in that case, the affiant's opposing the judge in the election was the only fact alleged before the chief justice. *See id*. By contrast, Anderson claims that Judge Edwards's conduct and behavior at the Marion County Fair show that the judge is biased or prejudiced against him or, at a minimum, that he should be disqualified to avoid an appearance of impropriety.

{¶ 48} Despite statements to the contrary, Anderson has not submitted any actual evidence that Judge Edwards is biased or prejudiced against him. Neither

Anderson's affidavit nor the third-party affidavits suggest that Anderson was part of the conversation among Criswell Sr., Crawford, and Judge Edwards or that the judge directed any hostility specifically at Anderson. Even if Anderson had been part of the conversation, there is no evidence that the judge made any comments about Anderson or Anderson's two cases that were pending before the judge, *State v. Owens* and *Williams v. Hopper*. And Anderson's statement that the judge said something to him during the livestock auction lacks evidentiary value because Anderson averred that he could not hear what the judge said over the noise of the crowd.

{¶ 49} Therefore, this case turns on whether the purported conversation among Criswell Sr., Crawford, and Judge Edwards would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities in Anderson's cases with integrity, impartiality, and competence is impaired. It would not.

{¶ 50} At the outset, there is an elephant in the room—the discrepancy between what Criswell Sr. and Crawford aver and what Judge Edwards avers was said during their conversation. Criswell Sr., Crawford, and the judge all agree that the judge raised the issue of the propriety of the signs being placed on the wall of the auction arena without a vote of the Fair Board. At the end of that conversation, Criswell Sr. and Crawford aver, the judge said, "I'm keeping your son in jail." The judge denies making that statement. But while that statement might, at most, show anger directed at Criswell Sr., it does not show that the judge bore bias or prejudice against Anderson, because the comment was not directed at him.

{¶ 51} Obviously, the difference between the averments in the affidavits calls into question the credibility of the affiants involved in the conversation. Credibility is not decided by the number of affidavits asserting or disputing one version of the conversation.

{¶ 52} On the one hand, there is Criswell Sr.—father of the defendant, Kevin Criswell Jr., in *State v. Criswell*, Marion C.P. No. 2022-CR-0412—who was angry with Judge Edwards for sentencing his son to a term in prison and a term of local incarceration in a vehicular-assault case in which Criswell Jr. caused an accident after failing to yield at a stop sign while operating a vehicle while under the influence. Criswell Sr. was also a member of the Marion County Fair Board who, as explained below, violated the rules of the Fair Board by placing magnetic signs supporting Anderson for election as judge on the wall of the auction arena without a prior vote of approval by the Fair Board.

{¶ 53} There also is Crawford, whose averments track the averments of Criswell Sr. He too is a member of the Marion County Fair Board. Crawford also violated the rules of the Fair Board by helping Criswell Sr. place the improper signs higher on the wall of the auction arena without a prior vote of approval by the Fair Board.

{¶ 54} The Marion County Fair Rules provide as follows:

> 1. . . . No roving solicitation, distribution of literature, signature acquisitions for petitions, posting or displaying of signs, or the selling of or free distribution of merchandise shall be permitted on the fairgrounds unless by qualified exhibitors who may use this privilege only from within the confines of their own contracted concession or commercial rented space. *No commercial advertising signs, placards, stickers, or political signs/slogans may be attached in any manner to any vehicle, tree, pole, wall, or any other structure within the limits of the fairgrounds not immediately contracted with the distribution of the product or service advertised.*
>
> . . .

28. ANY EXCEPTIONS TO FOREGOING RULES MUST HAVE PRIOR APPROVAL BY THE FAIR OFFICIALS. OTHERWISE VIOLATION WILL BE CONSIDERED BASIS FOR EXPULSION FROM FAIRGROUNDS AND FORFEITURE OF ANY FUTURE DISPLAY PRIVILEGES.

(Emphasis added; capitalization in original.) https://marioncountyfairgrounds.com /wp-content/uploads/2024/02/Rules-for-Midway-Vendors.pdf#page=2&zoom =auto,-251,535 (accessed Nov. 13, 2024) [https://perma.cc/5Z4E-VT52].

{¶ 55} Criswell Sr. said that *if* the Fair Board had voted to allow Anderson's sign, Judge Edwards would not have liked the outcome. That statement contains an admission that Criswell Sr. and Crawford violated the Fair Board's rules in their support of Anderson's candidacy. An objective observer might view the willingness of Fair Board members Criswell Sr. and Crawford to violate their own rules as negatively affecting their credibility.

{¶ 56} Judge Edwards denies making the statement that he would keep Criswell Jr. in jail. But even if he did make the statement, it involved only *State v. Criswell*, in which the judge had already denied Criswell's motion for judicial release as moot. The entry denying that motion was journalized on July 2—four days prior to the alleged conversation. So, if the judge did make the statement, he would have merely restated a truth. The denial of the motion for judicial release did not even keep Criswell Sr.'s son incarcerated—he was going to be released before a hearing on the motion could be held.

{¶ 57} But it is not necessary to determine the credibility of the affiants to resolve the remaining portion of the affidavit of disqualification. Even if Judge Edwards did make the statement about Criswell Jr., Anderson has failed to show how that statement would support a finding that the judge is biased or prejudiced against him or that the judge has formed a "fixed anticipatory judgment" in his two

pending cases, *O'Neill*, 2002-Ohio-7479, at ¶ 14. The judge's statements had nothing to do with the parties before the court in *State v. Owens* and *Williams v. Hopper*. Moreover, any reasonable objective observer—i.e., the person on the street—with full knowledge of the facts would not find an appearance of impropriety in the judge's presiding over those two cases. As stated above, there is no evidence that Anderson was a party to the conversation, that anything was said about him during that conversation, or that anything in the conversation could be construed as the judge's discussing either of Anderson's two pending cases. The conversation was about Criswell Sr.'s and Crawford's violating the rules of the Marion County Fair Board while both were Fair Board members. There is no connection between that conversation and Anderson or Anderson's two pending cases. That conversation, if believed to have happened as Criswell Sr. and Crawford described it, focused only on Criswell Sr. and *his* anger at the judge.

{¶ 58} While Anderson argues that this case is similar to *In re Disqualification of Maschari*, 1999-Ohio-8, it is not. In *Maschari*, not only had the affiant opposed the judge in an election, but the affiant also had filed two grievances against the judge. *See id*. at ¶ 2. And the affiant and the members of the affiant's law firm were all going to be called as witnesses in the disciplinary proceedings. *Id*.

{¶ 59} In contrast, there is no evidence here that Judge Edwards is biased or prejudiced against Anderson. And the conversation among Criswell Sr., Crawford, and Judge Edwards would not create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities in *State v. Owens* and *Williams v. Hopper* with integrity, impartiality, and competence is impaired. Therefore, the affidavit of disqualification lacks merit.

## Conclusion

{¶ 60} The affidavit of disqualification is dismissed to the extent that it pertains to *State v. Criswell*, Marion C.P. No. 2022-CR-0412. The remaining part

of the affidavit of disqualification is denied. Judge Edwards shall preside over *State v. Owens*, Marion C.P. No. 2023-CR-0484, and *Williams v. Hopper*, Marion C.P. No. 2024-CV-0041.

_____