**[This opinion has been published in *Ohio Official Reports* at 177 Ohio St.3d 1201.]**

IN RE DISQUALIFICATION OF NAVARRE.

THE STATE OF OHIO *v.* BRENTLINGER.

**[Cite as *In re Disqualification of Navarre*, 2024-Ohio-3336.]**

*Judges—Affidavits of disqualification—R.C. 2701.03—Affiant failed to show that judge is biased or prejudiced against defendant in underlying case or that judge should be disqualified for allegedly intervening in and actively participating in plea negotiations—Disqualification denied.*

(No. 24-AP-082—Decided July 31, 2024.)

ON AFFIDAVIT OF DISQUALIFICATION in Lucas County Court of Common Pleas, General Division, Case No. CR 202401229-000.

_____

**KENNEDY, C.J.**

{¶ 1} Charles M. Boss, counsel for Logan Brentlinger, the defendant in the underlying criminal case, has filed an affidavit of disqualification pursuant to R.C. 2701.03 seeking to disqualify Judge Lindsay D. Navarre of the Lucas County Court of Common Pleas, General Division, from presiding over the case. Judge Navarre filed a response to the affidavit of disqualification.

{¶ 2} As explained below, Boss has not established that the judge should be disqualified. Therefore, the affidavit of disqualification is denied. The case shall proceed before Judge Navarre.

**Trial-Court Proceedings**

{¶ 3} On February 13, 2024, Brentlinger was charged in a 17-count indictment with various sex offenses, including two counts of rape. If convicted of the rape charges, he could be sentenced to life in prison without parole due to the young age of the alleged victim.

{¶ 4} On February 29, Judge Navarre presided over a pretrial bail hearing pursuant to R.C. 2937.222. The State of Ohio presented sworn testimony and, according to Judge Navarre, a photograph that Brentlinger had taken of himself "inserting the penis of a sleeping child into his mouth" and a video that Brentlinger had taken of himself "masturbating to completion onto the head of this child victim while he bathed." At the conclusion of the hearing, the judge denied bail, concluding that the conditions in R.C. 2937.222(B) had been satisfied, including that the State had proved by clear and convincing evidence that the proof was evident or the presumption was great that Brentlinger committed the offenses set forth in the indictment.

{¶ 5} In early May, the prosecution and Brentlinger negotiated a proposed plea deal. With the consent of the lead detective and the family of the victim, the prosecutor, in exchange for Brentlinger's pleading guilty, agreed to remove the possibility of a life sentence if Brentlinger agreed to serve a 30-year prison term. On May 15, two assistant prosecutors and Boss had an in-chambers, unrecorded conference with Judge Navarre to discuss the negotiated plea agreement. During the conference, the judge rejected the proposed sentence and expressed her belief that a potential sentence of 50 years in prison was more appropriate given the fact that the charged sexual offenses were allegedly committed against a child victim. Nonetheless, the judge expressed that she maintained an open mind and that if Brentlinger was found guilty, Boss could make mitigation arguments in support of his client's position on sentencing.

{¶ 6} On May 20, the prosecution sent Boss and the judge's staff an amended written plea offer, which required Brentlinger to agree to a potential sentence of 50 years in prison.

{¶ 7} On June 17, Boss filed this affidavit of disqualification.

**Affidavit-of-Disqualification Proceedings**

{¶ 8} R.C. 2701.03(A) provides that if a judge of a court of common pleas "allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court," then that party or the party's counsel may file an affidavit of disqualification with the clerk of this court.

{¶ 9} Boss alleges that Judge Navarre is biased and prejudiced against Brentlinger and that the judge should be "otherwise . . . disqualified" based on her active involvement and intervention in the parties' plea negotiations. The judge has responded to Boss's allegations, denying that there are any grounds for disqualification.

{¶ 10} In support of the allegations, Boss states that during a pretrial conference on May 9, 2024, counsel informed Judge Navarre that the parties had agreed to a possible resolution of the case. The judge advised counsel to contact the courtroom deputy to schedule a meeting. Boss asserts that during the unrecorded in-chambers conference on May 15, the judge stated that she was "'the worst judge in the courthouse for this type of case,'" that counsel was "'not going to like what [she had] to say,'" that solid evidence of the charged offenses had been presented at the bail hearing, that the proceedings at the bail hearing were "'very troubling,'" that she viewed the case as "'heinous,'" and that she considered Brentlinger to be "'more dangerous than [a] murderer[]'" because "defendants in this type of crime [sic] have a higher recidivism rate and are a greater danger to the community upon release."

{¶ 11} Boss claims that during the in-chambers conference, Judge Navarre actively engaged in, participated in, and intervened in the plea negotiations. Boss states that the judge's behavior "raises a question of fundamental fairness and has subjected [Brentlinger] to a subtle but powerful influence negatively affecting the

voluntariness of any plea agreement he may consider." Under these circumstances, Boss asserts, if Brentlinger accepts the amended plea offer, then the plea "would be involuntary and void" under the United States and Ohio Constitutions. Boss further states that Judge Navarre's statements during the in-chambers conference indicate that the judge thinks that a trial would be a futile exercise. Brentlinger therefore believes that the judge is biased against him and that she would impose a significantly harsher sentence if he exercised his right to trial and were convicted.

{¶ 12} In response, Judge Navarre states that counsel requested the "attorney only pretrial in chambers, off the record." In support of her position that there are no grounds for disqualification, the judge asserts that she repeatedly advised counsel that if Brentlinger went to trial and were found guilty of the alleged offenses, Boss would have the opportunity to present mitigation arguments that could change the judge's initial perception of the appropriate sentence. The judge states that in response, Boss discussed having Brentlinger evaluated by a mental-health professional.

{¶ 13} Judge Navarre admits that she was honest and forthright during the in-chambers conference. She told counsel that they were not going to like hearing what she would say because she would not accept the jointly recommended sentence.

{¶ 14} Judge Navarre also notes that during the in-chambers conference, she explained her rationale for rejecting the initial plea agreement. In particular, she told counsel that counts 1 and 2 of the indictment allege the rape of a very young child, a crime that the General Assembly has determined warrants a sentence of life in prison without the possibility of parole. The judge also advised counsel that she takes seriously her obligation to adhere to the principles and purposes of felony sentencing and that a 30-year sentence for the commission of the alleged offenses would not serve those purposes.

4

{¶ 15} The judge further admits that she has a history of imposing lengthy sentences on child rapists and that Brentlinger was perhaps unlucky to draw her as a judge. The judge states that she did tell counsel that she found the charged acts to be "heinous" based on her review of the evidence presented at the bail hearing.

{¶ 16} Judge Navarre adds that during the in-chambers conference, she asked whether the prosecution had concerns about the strength of the State's evidence and that she then asked defense counsel whether Brentlinger had a strong defense. The judge asserts that both counsel responded in the negative. The judge believes that Boss is simply forum shopping.

### Disqualification of a Common-Pleas-Court Judge

{¶ 17} As set forth above, R.C. 2701.03(A) provides two specific grounds and a catchall provision for the disqualification of a judge of the court of common pleas. Granting or denying the affidavit of disqualification turns on whether the chief justice determines that the allegations of interest, bias or prejudice, or disqualification set forth in the affidavit exist. R.C. 2701.03(E).

{¶ 18} The burden falls on the affiant to submit "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations." R.C. 2701.03(B)(1). Therefore, "[a]n affidavit must describe with specificity and particularity those facts alleged to support the claim." *In re Disqualification of Mitrovich*, 2003-Ohio-7358, ¶ 4.

{¶ 19} Boss alleges two bases for disqualification: (1) the judge is biased and prejudiced against Brentlinger and (2) the judge should be disqualified for intervening in and actively participating in the parties' plea negotiations.

{¶ 20} "The term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.'" *In re Disqualification of O'Neill*, 2002-Ohio-7479, ¶ 14, quoting

*State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1956), paragraph four of the syllabus. "'Bias or prejudice on the part of a judge will not be presumed. In fact, the law presumes that a judge is unbiased and unprejudiced in the matters over which he presides, and bias and prejudice must be strong enough to overcome the presumption of his integrity.'" *Id.* at ¶ 16, quoting 48A C.J.S., Judges, § 108, at 731 (1981). A determination of whether a judge is biased or prejudiced is based on the judge's words and/or actions and whether those words and/or actions convey that the judge is predisposed to a particular outcome of a case.

{¶ 21} A judge "otherwise is disqualified" under R.C. 2701.03(A) when none of the express bases for disqualification—interest, relation to a party, bias, or prejudice—apply but other grounds for disqualification exist. *See In re Disqualification of Schooley*, 2023-Ohio-4332, ¶ 19. For example, the statute speaks in terms of *actual* bias and prejudice; "[n]evertheless, even in cases in which no evidence of actual bias or prejudice is apparent, a judge's disqualification may be appropriate to avoid an appearance of impropriety or when the public's confidence in the integrity of the judicial system is at issue." *In re Disqualification of Crawford*, 2017-Ohio-9428, ¶ 6. In addition, an ex parte communication between a judge and a party can be a ground for disqualification when the communication either was initiated by the judge or addressed substantive matters in the pending case. *In re Disqualification of Calabrese*, 2002-Ohio-7475, ¶ 2. Jud.Cond.R. 2.11 sets forth additional circumstances when a judge should be disqualified, including when a family member of the judge has an interest in the matter in controversy and when the judge likely will be a material witness in the proceeding.

{¶ 22} These examples are not exhaustive, but they illustrate that a judge may be "otherwise . . . disqualified" when the grounds for disqualification specified in R.C. 2701.03(A) are not applicable.

**Analysis**

{¶ 23} For the reasons explained below, Boss has not established that Judge Navarre's disqualification is warranted. Because the same evidence is offered in support of both allegations, the allegations are analyzed together.

{¶ 24} Article IV, Section 5(C) of the Ohio Constitution requires the chief justice to "pass upon the disqualification of any judge of the courts of appeals or courts of common pleas or division thereof." That enumerated power does not give the chief justice unilateral authority to resolve legal issues that are subject to appellate review. *In re Disqualification of Gallagher*, 2023-Ohio-2977, ¶ 50. An affidavit of disqualification "addresses the narrow issue of the possible bias, prejudice, or disqualification of a judge and 'is not a vehicle to contest matters of substantive or procedural law.'" *Id.* at ¶ 48, quoting *In re Disqualification of Solovan*, 2003-Ohio-5484, ¶ 4. The focus of the affidavit-of-disqualification proceeding is on the judge's behavior or conduct.

{¶ 25} As explained above, all judges are accorded a "presumption of impartiality." *In re Disqualification of Celebrezze*, 2003-Ohio-7352, ¶ 7. The burden is on the affiant "to not only identify specific allegations of bias but to ensure the 'allegations [can] be verified by the record.'" *In re Disqualification of Schroeder*, 2023-Ohio-3171, ¶ 49, quoting *In re Disqualification of Sheward*, 2013-Ohio-4244, ¶ 6. Although a judge's subjective belief as to his or her own impartiality is generally not a decisive factor in deciding an affidavit of disqualification, a judge's personal assessment is entitled to some weight. *In re Disqualification of Lewis*, 2004-Ohio-7359, ¶ 11, citing Flamm, *Judicial Disqualification*, § 5.6.2, at 158 (1996).

{¶ 26} Judge Navarre takes the position that she is not biased or prejudiced against Brentlinger and that there is no justification for her disqualification.

{¶ 27} Regardless of which party requested the unrecorded May 15 in-chambers conference, there is no dispute about the subject matter discussed—the negotiated plea agreement, which included a jointly recommended sentence.

{¶ 28} Judges in Ohio are not bound by plea agreements or jointly recommended sentences. *State v. Underwood*, 2010-Ohio-1, ¶ 28. Trial-court judges are free to reject both. *Id.* "When a judge believes that the proposed sentence would be inadequate in light of the severity of the offense charged, . . . he [or she] has every right to reject such agreement." Flamm, *Judicial Disqualification*, § 13.6, at 356 (2d Ed. 2007).

{¶ 29} Therefore, Judge Navarre's rejection of the jointly recommended sentence is not evidence of bias or prejudice or cause for the judge to be "otherwise . . . disqualified." Moreover, the allegation that the judge's rejection of the jointly recommended sentence renders Brentlinger's plea involuntary fails for two other reasons. First, Brentlinger never entered a guilty plea before the judge. Second, the issue whether any future guilty plea, if entered, is involuntary is beyond the scope of an affidavit-of-disqualification proceeding. As explained above, this proceeding may not be used as a vehicle to challenge substantive or procedural legal rulings. *See Gallagher*, 2023-Ohio-2977, at ¶ 48.

{¶ 30} The only remaining evidence Boss presented in support of the allegations is the series of comments that the judge made when she rejected the jointly recommended sentence.

{¶ 31} Judge Navarre fully admits that she told the parties at the May 15 in-chambers conference that they were not going to like hearing what she had to say and that she was a tough sentencing judge when it came to sex offenses committed against children. The judge further told the parties that she was rejecting the proposed sentence because it was not in keeping with the severity of the potential sentence the General Assembly has prescribed for such offenses, and she explained that she had seen the strength of the State's evidence during the bail hearing. But

she also told the parties that if Brentlinger were found guilty, Boss "would have the opportunity to make mitigating arguments on his client's behalf at sentencing." Thereafter, for purposes of mitigation, Boss discussed having Brentlinger evaluated by a mental-health professional.

{¶ 32} Without more, the above evidence is insufficient to support a finding that a judge is biased or prejudiced or should be "otherwise . . . disqualified." *See In re Disqualification of Economus*, 74 Ohio St.3d 1230, 1231 (1991). Judge Navarre rejected the jointly recommended sentence and gave the parties her rationale for doing so. The judge's comments were based on the testimony, a photograph, and a video presented during the pretrial bail hearing. "It is well settled that what a judge learns in her judicial capacity by way of pretrial proceedings . . . is a proper basis for judicial observations, and the use of such information is not the kind of matter that results in disqualification." (Cleaned up.) *In re Disqualification of Von Allman*, 2021-Ohio-2391, ¶ 8.

{¶ 33} Moreover,

> "[a] judge rarely hears preliminary aspects of a case without forming conditional opinions of the facts or law. These conditional opinions often assist the parties and their counsel in identifying and narrowing the issues in controversy and facilitate the settlement of cases prior to trial. However, the formation of these conditional opinions is not sufficient to counter the presumption of the judge's ability to render a fair decision based upon the evidence later presented at trial."

*In re Disqualification of Weithman*, 2019-Ohio-4814, ¶ 7, quoting *In re Disqualification of Brown*, 74 Ohio St.3d 1250, 1251 (1993).

**{¶ 34}** Despite rejecting the jointly recommended sentence and proposing to the parties another potential sentence that in Judge Navarre's view reflected the severity of the offenses charged, the judge nevertheless expressed that she maintained an open mind and that if Brentlinger were found guilty, Boss could present mitigation evidence in support of his client's position on sentencing.

**{¶ 35}** Beyond speculation, Boss has not submitted evidence to support his assertions that Judge Navarre believes that Brentlinger's trial would be a futile exercise or that she would sentence Brentlinger more harshly if he exercised his right to trial and were convicted. "A factual basis is required to disqualify a judge. Speculation and innuendo are insufficient to establish bias or prejudice . . . ." *In re Disqualification of Celebrezze*, 2023-Ohio-4383, ¶ 93.

**{¶ 36}** Because there is no evidence to support the allegations that Judge Navarre is biased or prejudiced against Brentlinger or should be "otherwise . . . disqualified" under R.C. 2701.03(A), the allegations lack merit.

## Conclusion

**{¶ 37}** The affidavit of disqualification is denied. The case shall proceed before Judge Navarre.

_____