[This opinion has been published in *Ohio Official Reports* at 177 Ohio St.3d 1215.]

IN RE DISQUALIFICATION OF HAUGHEY.

THE STATE OF OHIO *v.* RARDEN.

[Cite as *In re Disqualification of Haughey*, 2024-Ohio-6134.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Affiant failed to show appearance of impropriety in judge's hearing underlying case, which is one of the cases he had inherited from judge he succeeded—Superintendence Rules do not prohibit the administrative judge of a multijudge division of a common pleas court who has recused from a case from randomly assigning that case to another judge of the division—Disqualification denied.*

(No. 24-AP-128—Decided August 19, 2024.)

ON AFFIDAVIT OF DISQUALIFICATION in Butler County Court of Common Pleas, General Division, Case Nos. CR2006-06-1027, CR2006-07-1271, and CR2006-09-1593.

_____

KENNEDY, C.J.

{¶ 1} Lonnie Rarden, the defendant in the underlying criminal cases, has filed a second affidavit of disqualification pursuant to R.C. 2701.03 seeking to disqualify Judge Daniel E. Haughey of the Butler County Court of Common Pleas, General Division, from presiding over his cases. Rarden previously filed an affidavit of disqualification seeking to disqualify Judge Haughey from two of the underlying cases; that first affidavit of disqualification was denied on July 19, 2024. *See* Supreme Court case No. 24-AP-089. Judge Haughey was not asked to file a response to the second affidavit of disqualification.

{¶ 2} As explained below, Rarden has not established that the judge should be disqualified. Therefore, the second affidavit of disqualification is denied. The cases shall proceed before Judge Haughey.

**Trial-Court Proceedings**

{¶ 3} The relevant proceedings in the underlying criminal cases were outlined in the decision denying the first affidavit of disqualification. *See In re Disqualification of Haughey*, Supreme Court case No. 24-AP-089.

{¶ 4} In the second affidavit of disqualification, Rarden outlined the series of judges who have presided over his cases. The cases were originally assigned to Judge Michael J. Sage. When Judge Sage retired, Judge Michael A. Oster Jr. assumed the bench and inherited Judge Sage's cases. Prior to becoming a judge, Judge Oster was an assistant prosecuting attorney in Butler County who represented the State in Rarden's direct appeal in two of the underlying cases. Judge Oster journalized an entry recusing from Rarden's cases on September 29, 2015. The entry was signed by Administrative Judge Noah E. Powers II. The cases were then assigned to Judge Jennifer Muench-McElfresh.

{¶ 5} Judge Muench-McElfresh journalized an entry recusing from Rarden's cases on August 22, 2019. That entry was signed by Judge Oster, who had succeeded Judge Powers as administrative judge. Judge Oster then assigned the cases to Judge Powers.

{¶ 6} Judge Powers journalized an entry recusing from Rarden's cases on September 27, 2019. That entry was signed by Administrative Judge Oster. The cases were then assigned to Judge Charles L. Pater.

{¶ 7} Judge Pater retired in January 2021. Judge Haughey assumed the bench and inherited Judge Pater's cases, including Rarden's cases.

{¶ 8} Rarden filed motions for judicial release. And in two of his cases, he filed motions seeking Judge Haughey's recusal.

{¶ 9} On June 27, 2024, Rarden filed the first affidavit of disqualification, which was denied. Rarden filed the second affidavit of disqualification on July 26.

**Affidavit-of-Disqualification Proceedings**

{¶ 10} R.C. 2701.03(A) provides that if a judge of a court of common pleas "allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court," then that party or the party's counsel may file an affidavit of disqualification with the clerk of this court.

{¶ 11} Rarden alleges that Judge Haughey should be disqualified because Administrative Judge Oster improperly assigned the underlying cases to other judges when Judge Oster had recused himself from the cases. Rarden contends that once Administrative Judge Oster recused himself from the underlying cases, the judge patently and unambiguously lacked jurisdiction to assign those cases to another judge.

**Disqualification of a Common-Pleas-Court Judge**

{¶ 12} As explained above, R.C. 2701.03(A) provides two specific grounds and a catchall provision for the disqualification of a judge of the court of common pleas. Granting or denying an affidavit of disqualification turns on whether the chief justice determines that the allegations of interest, bias or prejudice, or disqualification set forth in the affidavit exist. R.C. 2701.03(E).

{¶ 13} The burden falls on the affiant to submit "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations." R.C. 2701.03(B)(1). Therefore, "[a]n affidavit must describe with specificity and particularity those facts alleged to support the claim." *In re Disqualification of Mitrovich*, 2003-Ohio-7358, ¶ 4.

{¶ 14} As set forth above, Rarden alleges that Judge Haughey should be disqualified because he is improperly presiding over the underlying cases.

{¶ 15} A judge "otherwise is disqualified" under R.C. 2701.03(A) when none of the express bases for disqualification—interest, relation to a party, bias, or

prejudice—apply but other grounds for disqualification exist. *See In re Disqualification of Navarre*, 2024-Ohio-3336, ¶ 21 (citing examples of when a judge could be "otherwise . . . disqualified"). "[E]ven in cases in which no evidence of actual bias or prejudice is apparent, a judge's disqualification may be appropriate to avoid an appearance of impropriety or when the public's confidence in the integrity of the judicial system is at issue." *In re Disqualification of Crawford*, 2017-Ohio-9428, ¶ 6. In addition, an ex parte communication between a judge and a party may be a ground for disqualification "when the communication either was initiated by the judge or addressed substantive matters in the pending case." *In re Disqualification of Calabrese*, 2002-Ohio-7475, ¶ 2. Jud.Cond.R. 2.11 sets forth additional circumstances when a judge must be disqualified, including when a family member of the judge has an economic interest in the subject matter in controversy, Jud.Cond.R. 2.11(A)(3), and when the judge likely will be a material witness in the proceeding, Jud.Cond.R. 2.11(A)(2)(d).

{¶ 16} These examples are not exhaustive, but they illustrate that a judge may still be disqualified even when the express statutory grounds for disqualification are not applicable.

{¶ 17} As noted above, a judge may be disqualified to avoid an appearance of impropriety. An appearance of impropriety exists when "'the [judge's] conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired.'" *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 888 (2009), quoting American Bar Association, Annotated Model Code of Judicial Conduct, Canon 2A, Commentary (2004); *see also id.* at 890 (noting that the codes of judicial conduct provide more protection than due process requires). The perspective of the ordinary reasonable person is considered, and that person "is presumed to be fully informed of all the relevant facts in the record—not isolated facts divorced from their larger context." *In re Disqualification of Gall*, 2013-Ohio-1319, ¶ 6.

{¶ 18} For the reasons explained below, Rarden has not established that the disqualification of Judge Haughey is warranted.

## Analysis

{¶ 19} The Butler County Court of Common Pleas, General Division, is a multijudge division. The Rules of Superintendence for the Courts of Ohio govern the designation or election of the administrative judge of a common pleas court or a division of a common pleas court. *See* Sup.R. 4.

{¶ 20} In a multijudge division of a common pleas court, the administrative judge is elected by a majority vote of the judges of the division. Sup.R. 4(B)(1)(c). The designation or election of an administrative judge must occur on or before December 31 of the year preceding the term. Sup.R. 4(D). The administrative judge of the division is required to notify the administrative director of the Supreme Court of Ohio of his or her designation or election by January 15 of the year of the term. Sup.R. 4(E).

{¶ 21} The administrative judge has the duty to randomly assign cases to individual judges of the division or the court as provided by Sup.R. 36.01 et seq. Sup.R. 4.01(C). The Superintendence Rules require a multijudge division of a common pleas court to establish a random-case-assignment system in which cases are assigned by lot. *See* Sup.R. 36.011(A) and 36.01.

> "Assigned by lot" means the assignment of a case to a judge that meets each of the following requirements:
>
> (a) The assignment is made by drawing from a pool of judges using paper, balls, or other objects as lots or counters or a computer;
>
> (b) The assignment is arbitrated by chance with the determination fortuitous and wholly uncontrolled;
>
> (c) The assignment is made using the entire base of the number of judges in the court or division, as applicable.

Sup.R. 36.01(A)(1). When a judge of a multijudge division recuses from a case, the rules require the administrative judge to randomly assign the case to one of the remaining judges of the division. Sup.R. 36.019(A).

{¶ 22} Contrary to Rarden's assertion, the Superintendence Rules do not prohibit the administrative judge of a multijudge division who has recused from a case from randomly assigning that case to another judge of the division. In fact, the rules grant the authority to fulfill this administrative function solely to the division's administrative judge. *See* Sup.R. 4.01(C) and 36.019(A).

{¶ 23} The random assignment of a case by the administrative judge to another judge of the division is therefore permitted by the Superintendence Rules even when the administrative judge has recused from that case. Further, the administrative judge's recusal from a case does not deprive the administrative judge of subject-matter jurisdiction to randomly assign that case to another judge of the division. *See State ex rel. Bell v. Pfeiffer*, 2011-Ohio-2539, ¶ 18-19 (10th Dist.).

{¶ 24} The Supreme Court Rules for the Government of the Judiciary of Ohio state that when a judge leaves office, the judge is required to "deliver to the judge's successor all records; papers, books, and other instruments of writing; and other property and effects belonging to the court." Gov.Jud.R. VII(2). The successor judge inherits the cases pending on his or her predecessor's docket. Within three months of taking office, the successor judge is required to complete an inventory of all cases reported as pending on the court's statistical report. Sup.R. 38(B).

{¶ 25} After Judge Sage retired, Judge Oster inherited Judge Sage's docket, which included Rarden's cases. When Judge Oster recused himself from Rarden's cases, then-Administrative Judge Powers randomly assigned the cases to Judge Muench-McElfresh. When Judge Muench-McElfresh recused herself from the cases, Administrative Judge Oster randomly assigned the cases to Judge Powers.

When Judge Powers recused himself from the cases, Administrative Judge Oster randomly assigned the cases to Judge Pater. Judge Haughey is Judge Pater's successor, and he inherited all of Judge Pater's cases, including those involving Rarden. Because Administrative Judge Oster had jurisdiction to randomly assign Rarden's cases to other judges of the division notwithstanding his recusal and because Judge Haughey properly inherited all of Judge Pater's cases, including those involving Rarden, there is no appearance of impropriety in Judge Haughey's hearing Rarden's cases. Therefore, the second affidavit of disqualification lacks merit.

### Conclusion

{¶ 26} The affidavit of disqualification is denied. The cases shall proceed before Judge Haughey.

_____