[Cite as *State v. Wilson*, 2026-Ohio-929.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 115162 |
| v. | : | |
| SHA'LON WILSON, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** SENTENCE VACATED; REMANDED
**RELEASED AND JOURNALIZED:** March 19, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-689134-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Halie Turigliatti, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Nowell A. Powell-Sacks, Assistant Public Defender, *for appellant*.

SEAN C. GALLAGHER, P.J.:

{¶ 1} Appellant Sha'lon Wilson appeals from the sentence imposed in this case. Upon review, we vacate the sentence and remand the case to the trial court for resentencing.

**Background**

{¶ 2} On March 1, 2024, Wilson was charged under a five-count indictment with offenses arising from an alleged drive-by shooting incident in which a gunshot was fired into a home. The alleged circumstances surrounding the incident are set forth in the record before us. Wilson pleaded not guilty to the charges at her arraignment. Subsequently, she reached a plea agreement with the State.

{¶ 3} At a hearing held on September 23, 2024, the assistant prosecutor set forth the terms of the plea agreement, including the amended charges to which Wilson would be pleading guilty, the charges that would be nolled, an agreed no contact with a victim, an agreement to forfeit all weapons seized, and "a recommended sentence range of 3 to 7 years," which the State confirmed "would include Reagan Tokes time." The trial court asked if that meant the presumptive minimum "would be 2 to 5 and-a-half basically," which the assistant prosecutor confirmed.[1] Defense counsel also confirmed this was his understanding of the agreement.

---

[1] We recognize this was not a precise calculation.

{¶ 4} The trial court engaged in a proper Crim.R. 11 colloquy with Wilson, during which Wilson was informed of the maximum penalties involved. The trial court informed Wilson that there was "an agreed range of 3 to 7 years" and that although the parties "can recommend a sentence," the court was "not obligated to go along with it" and could sentence Wilson "within any range I feel would be proper." Wilson confirmed her understanding that the trial court was not bound "by the 3 to 7-year sentence." She proceeded to enter a plea of guilty to Count 1 as amended to improperly discharging firearm at or into a habitation or in a school safety zone, a felony of the second degree in violation of R.C. 2923.161(A)(1), with a one-year firearm specification; and to Count 2 as amended to intimidation of attorney, victim, or witness in a criminal case, a felony of the third degree in violation of R.C. 2921.04(B)(1). The remaining counts were nolled.

{¶ 5} A sentencing hearing was held on October 17, 2024. The trial court indicated that it had reviewed the presentence-investigation report, and the court heard from defense counsel, the assistant prosecutor, two victims, and Wilson. During the sentencing hearing, the State asked the court to impose "the high end of the 3 to 7 years," which was the "recommended range," but did not indicate that the recommended range included Reagan Tokes time or whether it included one year for the firearm specification.[2]

---

[2] At oral argument it was indicated that the jointly recommended range of three to seven years was to include one year for the firearm specification. This clarification was not provided to the trial court.

{¶ 6} Ultimately, the trial court imposed a sentence on Count 1 of one year on the firearm specification to be served prior to and consecutive with an indefinite sentence of seven to ten and one-half years on the base charge; and on Count 2, a concurrent term of 36 months. No objection was raised. Wilson has appealed.

**Law and Argument**

{¶ 7} Wilson raises four assignments of error on appeal. Wilson claims (1) the State violated the plea agreement by failing to accurately recite the agreed sentencing range and by asking the court to impose a longer sentence than the agreed range, (2) the trial court erred when sentencing her to more time than what was contemplated by the plea agreement, (3) the record does not support the sentence that was imposed, and (4) she did not receive effective assistance of counsel because defense counsel failed to object to the State violating the plea agreement at sentencing.

{¶ 8} The primary challenges raised by Wilson arise from a plea agreement with a jointly recommended sentence. The plea agreement that was placed on the record by the State before Wilson entered her guilty pleas included a jointly recommended sentencing range of three to seven years, which the State confirmed included Reagan Tokes time. The parties essentially agreed that Wilson's sentence would not exceed seven years, which was inclusive of an indefinite tail. Yet, at the time of sentencing, the State asked the trial court to impose "the high end" of the jointly recommended sentencing range of three to seven years and did not mention that this included Reagan Tokes tail time pursuant to the plea agreement or whether

this included one year for the firearm specification. Although this was likely an oversight, it was arguably in contravention of the plea agreement. As argued by Wilson, without specifying the Reagan Tokes time, "in asking for the 'high end' of the range, the State asked for something that would necessarily violate the [plea] agreement."

{¶ 9} "When an allegation is made that a plea agreement has been broken, the defendant must merely show that the agreement was not fulfilled." *State v. Smith* at ¶ 35, citing *State v. Legree*, 61 Ohio App.3d 568, 573 (6th Dist. 1988). Ordinarily, where the State breaches a plea agreement, the defendant may move to withdraw a guilty plea or seek to specifically enforce the agreement. *State v. Grove*, 2016-Ohio-2721, ¶ 36 (8th Dist.), citing *State v. Brunning*, 2013-Ohio-930, ¶ 9 (8th Dist.).[3] However, a trial court is not bound to impose a jointly recommended sentence.

{¶ 10} As the Supreme Court of Ohio has stated: "Judges in Ohio are not bound by plea agreements or jointly recommended sentences" and "are free to reject both." *State v. Brentlinger (In re Navarre)*, 2024-Ohio-3336, ¶ 28, citing *State v. Underwood*, 2010-Ohio-1, ¶ 28. Moreover, "[a] trial court does not err by imposing a sentence greater than that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties,

---

[3] The record herein shows that Wilson sought to withdraw her guilty pleas, albeit on a different basis, and the trial court denied the request.

including the possibility of imposing a greater sentence than that recommended by the prosecutor." (Cleaned up.) *State v. Buchanan*, 2003-Ohio-4772, ¶ 13.

{¶ 11} We recognize that the trial court had explained to Wilson at the time of entering her guilty pleas that it was not obligated to impose a sentence within the recommended sentencing range of three to seven years as expressed by the parties. Although the transcript shows that the trial court was concerned at sentencing by the seriousness of the offenses and Wilson's "significant" criminal history, it is unclear from the record whether the trial court intended to accept or reject the jointly recommended sentencing range. Indeed, it is entirely plausible that the court was mistakenly led to believe that it was imposing a sentence within the jointly recommended sentencing range.

{¶ 12} As this court has previously stated, "When a trial court decides not to impose the agreed, recommended sentence, it should clearly advise a defendant of its intentions, and allow the defendant to reconsider his [or her] plea." *State v. Jordan*, 2024-Ohio-2361, ¶ 30 (8th Dist.), citing *State v. Swortchek*, 2020-Ohio-2831, ¶ 25 (8th Dist.). Thus, if in fact the trial court decided that it was not going to impose a sentence within the jointly recommended sentencing range, it should have expressly informed Wilson of this. Given that this did not occur, it is more likely that the trial court herein was acting upon the belief that it was imposing a sentence at the "high end" of the jointly recommended sentencing range.

{¶ 13} This case highlights the problems associated with so-called "agreed sentences" and the importance of providing clarity on the record to ensure the

defendant's and the court's understanding of a jointly recommended sentence.[4] Not only is it imperative for a defendant to fully understand what the jointly recommended sentence is and that the trial court is not bound thereby, but also the parties must ensure that the trial court is fully informed of the calculations involved. Here, the parties loosely expressed a jointly recommended sentencing range of "3 to 7 years," which merely was stated to include Reagan Tokes time. The parties failed to specify whether one year for the firearm specification was included in that range and failed to articulate the indefinite sentence with the tail time. Without such clarity from the parties, the trial court was not fully apprised of the jointly recommended sentence under the plea agreement. To avoid such pitfalls, parties should clearly articulate all aspects of a jointly recommended sentence at the time of the plea and at sentencing.

{¶ 14} This case also shows the importance of expressly informing a defendant whether the trial court is accepting or rejecting a jointly recommended sentence contemplated under the plea agreement. As this court has previously explained:

> With regard to an agreed sentence that forms the basis of the plea, the sentence itself is part of the quid pro quo for the agreed plea. Although the trial judge is free to accept or reject that agreement, it is incumbent upon the court to do so expressly. To hold otherwise creates

---

[4] Under R.C. 2953.08(D)(1) there is no such term as an "agreed sentence" or "agreed upon sentence." The statute only states that the sentence is not reviewable if (1) it is authorized by law; (2) it was jointly recommended; and (3) it is imposed. The term has become a nomenclature for a "jointly recommended and imposed sentence."

a false expectation in the mind of the defendant over the underlying nature of the plea agreement.

*State v. Huffman*, 2018-Ohio-1192, ¶ 20 (8th Dist.). Here, there are too many assumptions that need to be made that arguably erode the defendant's and the trial court's understanding of the plea agreement and the sentence Wilson would receive.

{¶ 15} Under the circumstances presented, not only did the State fail to fully set forth the jointly recommended sentence, but also, the trial court did not expressly indicate whether it was accepting or rejecting the recommended sentence, and it is not clear from the record what occurred. We are compelled to find there was a violation of Wilson's due-process rights. Additionally, we find Wilson has shown ineffective assistance of counsel because trial counsel's failure to object at the time of sentencing was objectively unreasonable, and the deficient performance in this regard prejudiced Wilson. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).

{¶ 16} On this record, we find there is some merit to the first, second, and fourth assignments of error. We need not address the third assignment of error, which is rendered moot.

{¶ 17} Upon our review, we vacate the sentence imposed by the trial court and remand the case to the trial court for resentencing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

DEENA R. CALABRESE, J., and
EILEEN A. GALLAGHER, J., CONCUR